IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| VERONICA FAVELA-FAIR, | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 5:13-cv-00291 |
| vs. | § | |
| | § | Jury Trial Demanded |
| BRYANT, HODGE & | § | |
| ASSOCIATES, LLC, | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1.      This is an action for damages brought by Plaintiff Veronica Favela-Fair ("Plaintiff"), an individual, for Defendant Bryant, Hodge & Associates, LLC's ("Defendant") violations of the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the similar state law, TEX. BUS. & COM. CODE § 305.053.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.      Plaintiff Veronica Favela-Fair is a natural person residing in the State of Texas, County of Lubbock, and City of Lubbock.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant Bryant, Hodge & Associates, LLC is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal computer (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, in or about February 2013, Defendant began placing calls to Plaintiff's cellular telephone.

12. In or about February 2013, in connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone, and at such time, spoke with Plaintiff.

13. During the conversation that ensued, Defendant threatened that Plaintiff will be taken to court if she did not make immediate payments toward the Debt.

14. During the February 2013 conversation, Defendant threatened to take an action that was not intended to be taken, when upon information and good-faith belief, there is no lawsuit filed against Plaintiff at the time of this Complaint.

15. In connection with the collection of the Debt, Defendant placed calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and approximate times:

1) April 25, 2013;
2) May 3, 2013;
3) May 6, 2013;
4) May 9, 2013;
5) May 14, 2013;
6) May 16, 2013;
7) May 17, 2013;
8) May 20, 2013;
9) May 21, 2013;
10) June 18, 2013 at 9:50 A.M.;
11) June 20, 2013 at 9:29 A.M.;
12) June 24, 2013 at 11:01 A.M.; and
13) June 27, 2013 at 12:00 P.M.

16. During the April 25, 2013, May 3, 2013, May 6, 2013, May 9, 2013, May 14, 2013, May 16, 2013, May 17, 2013, May 20, 2013, May 21, 2013, June 18, 2013, June 20, 2013, June 24, 2013, and June 27, 2013 telephone calls, Defendant's agent and/or employee "Brad Fuller," left the following pre-recorded voicemail message:

> This message is for Veronica Favela. If this is not the intended party, please hang up and dial 888-854-4623. My name's Brad Fuller. I'm calling from Bryant, Hodge, and Associates, a professional debt collection and asset recovery corporation. It's very important that I speak to you, or your legal representation regarding a personal business matter. You can reach me at toll free 888-675-4485. When you call, please use reference number 13700221.

17. During the April 25, 2013, May 3, 2013, May 6, 2013, May 9, 2013, May 14, 2013, May 16, 2013, May 17, 2013, May 20, 2013, May 21, 2013, June 18, 2013, June 20, 2013, June 24, 2013, and June 27, 2013 telephone calls, Defendant delivered a message to Plaintiff using an artificial or pre-recorded voice.

18. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

19. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

20. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

21. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

22. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

23. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and/or an artificial or prerecorded voice to place each of the telephone calls identified above.

24. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system and/or an artificial or prerecorded voice to place each of the telephone calls identified above.

25. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

28.  Plaintiff repeats and re-alleges each and every factual allegation above.

29.  Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including, but not limited to: misrepresenting the legal status of the Debt, and threatening to take an action that was not intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

32. Plaintiff repeats and re-alleges each and every factual allegation above.

33. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

   c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

   d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

   e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

   f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## TEX. BUS. & COM. CODE § 305.053

34. Plaintiff repeats and re-alleges each and every factual allegation above.

35. Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227;

   b) Enjoining Defendant from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

   c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

   d) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

e) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 31, 2013

Respectfully submitted,

By: /s/ Joseph Panvini
Joseph Panvini
Arizona Bar No. 028359
jpanvini@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
5025 North Central Avenue, #602
Phoenix, AZ 85012
Telephone:   (888) 595-9111
Facsimile:   (866) 565-1327

Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000
2912 West Sixth Street
Fort Worth, Texas 76107
Telephone:   (817) 335-4003
Facsimile:   (817) 335-7112

*Attorneys for Plaintiff*
Veronica Favela-Fair